Green, J.,
delivered the opinion of the court.
This is an indictment for an affray. The indictment was found the 2d day of July, 1850, and alleges that the affray, charged, was committed the 15th of June, 1849, and that on 20th of May, 1850, the defendants were arrested by a warrant from a justice of the peace, for said offence, and bound over.
The act of 1831, ch. 82, provides, that “all prosecutions by presentment or indictment, for misdemeanors, shall be com *506 menced within twelve months after such offence shall have been committed, and not afterwards.”
The- circuit court, regarding the time when the indictment was found, to be the commencement of the prosecution, within the meaning of the act, quashed the indictment, from which judgment the Attorney General, in behalf of the State, appealed in error to this court.
We are of opinion, his honor, the circuit judge, erred in his construction of the statute. When it provides, that “all prosecutions by presentment or indictment for misdemeanors, shall be commenced within twelve months,” we understand the Legislature to refer to the commencement of the prosecution, and not to the finding of the indictment. The warrant, apprehension, and requiring bail for the appearance of the party at the circuit court, certainly constituted a “prosecution” of the offender; and of this prosecution, the warrant is the commencement. The indictment is the method by which the issue is made up, on which the party is to be tried. It is a prosecution, therefore, “by indictment,” although the prosecution is commenced by warrant. The meaning is, that prosecutions for misdemeanors, the trial of which must be by presentment or indictment, shall be commenced in twelve months. The limitation, refers to the commencement of the prosecution, and not to the finding of the indictment.
This question was decided the last term of this court, at Knoxville. In that case, the defendant had been indicted for an assault with intent to murder in the first degree, but was found guilty of a common assault only.
It appeared that the prosecution had been commenced by a warrant, less than twelve months after the offence was committed, but more than twelve months elapsed before the indictment was found. The circuit court sustained the finding *507 of the jury, and gave judgment against the defendant, and this court affirmed the judgment.
Reverse the judgment, and remand the cause to be proceeded in.